NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EPHESIAN WATERS, <br><br> Plaintiff, <br><br> v. <br><br> NEW YORK CITY POLICE DEPARTMENT, *et al.*, <br><br> Defendants. | Civil Action No.: 15-2842 (JLL) <br><br> OPINION |

**LINARES**, District Judge.

Presently before the Court are two Motions to Dismiss Pro Se Plaintiff's Complaint, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 21, 24). These Motions are brought on behalf of Defendants the City of Newark, New Jersey, Newark Police Director Eugene Venable, Newark Chief of Police Anthony Campos, Former Police Director Samuel A. Demaio, and Former Deputy Police Chief Ivonne Roman (collectively, "the Newark Defendants") (ECF No. 21, "Newark Mot."), and, separately on behalf of Defendants New York City Police Department ("NYPD") Commissioner William J. Bratton, New York District Attorneys Cyrus R. Vance, Jr., Robert Johnson, and Richard A. Brown, former New York District Attorney Daniel M. Donovan, Jr. (sued herein as "Richard M. Donovan,") and NYPD Lieutenant Eugene Whyte (collectively "the New York Defendants") (ECF No. 24, "NY Mot.").

Plaintiff filed a late Opposition to Defendants' Motions which was received by the Clerk of Court on October 5, 2015. (ECF No. 31, "Pl's. Opp."). Despite the untimeliness of Plaintiff's submission, given Plaintiff's Pro Se status, this Court has considered Plaintiff's Opposition in

1

deciding this matter. For the reasons stated below, the Court will grant Defendants' Motions to Dismiss for failure to state a claim.

## PROCEDURAL HISTORY

Plaintiff first filed a Complaint on April 22, 2015. (ECF No. 1, "Compl."). On July 10, 2015, the Newark Defendants filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 7), and on July 20, 2015, Plaintiff filed a document entitled "Memorandum of Law in Opposition to Defendant's Motion to Dismiss" (ECF No. 16, "Memorandum"). After reviewing the Memorandum, this Court determined that same is more properly construed as an amended complaint, and therefore administratively terminated the Newark Defendant's July 10, 2015 Motion to Dismiss and directed the Clerk of Court to file this Memorandum, along with the original Complaint, in one docket entry labeled "Amended Complaint." (ECF No. 18; ECF No. 16, Amended Complaint). The Court further advised Plaintiff that if she wishes to file an amended complaint, she may only do so by making a written request to this Court. (ECF No. 18). To date, Plaintiff has not requested leave of this Court to submit an amended complaint.[1] Thus, Plaintiff's Memorandum filed on July 20, 2015, together with her original Complaint, constitute the operative pleading in this matter.

Currently pending before the Court is a Motion to Dismiss filed on behalf of all of the Newark Defendants identified in Plaintiff's Complaint, and a Motion to Dismiss filed on behalf of

---

[1] Plaintiff submitted two letters to the Court, dated September 1 and September 9, 2015. (ECF Nos. 27, 30). While it is unclear what relief Plaintiff seeks in these letters, because the Court has not received a written request to amend, this Court will not construe same to be an amendment to Plaintiff's Complaint. Similarly, Plaintiff's Opposition appears to add new claims, and states that "[t]here are errors in the original pleading, and corrections are forthcoming." (Pl's. Opp. at iii). Again, while this Court has considered the arguments Plaintiff asserts in Opposition to Defendants' Motions, it will not construe same as an amendment to Plaintiff's Complaint. (See ECF No. 18; see also Fed. R. Civ. P. 15(a)(2) (providing that a Plaintiff seeking to amend a complaint must do so with his adversary's written consent or with the Court's permission)). Moreover, Plaintiff's promise that corrections to her complaint are forthcoming do not save the operative complaint from dismissal for failure to state a claim.

some of the New York Defendants. Plaintiff identified the following individuals or entities, with ties to the New York Police Department, as Defendants: The New York City Police Department ("NYPD"); the New York City Police Commissioner William J. Bratton; the New York District Attorneys Cyrus R. Vance, Robert Johnson, Richard A. Brown, Ken Thompson; Assistant District Attorney Daniel M. Donovan, Jr. (improperly pled as "Richard M. Donovan"); NYPD Lieutenant Eugene Whyte; NYPD Police Officers Fundaro, Riley, Derek F. Aikens, C. Perez, Sean Miller; unknown Police Officers, and; an unknown Notary Public.

The New York Defendants do not move to dismiss on behalf of the NYPD, as they state that the NYPD is a non-suable entity. (NY Mot. at 1, n.1). This Court agrees that the NYPD is a non-suable entity, and that the proper entity to be sued is the City of New York. *See Jenkins v. City of New York*, 478 F.3d 76, 93, n.19 (2d Cir. 2007); NYC Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."). However, because Plaintiff is proceeding *pro se*, this Court construes the claims against the NYPD as if they were filed against the City of New York. *See Maiser v. New York City Police Department*, 2009 WL 2915211, *2-3 (E.D.N.Y. 2009) (collecting cases that have done the same).

The New York Movants do not file on behalf of named Defendants Thompson, Riley, Aikens, Perez and Miller, stating that the record does not indicate that same have been properly served with process, and as such, they are not defendants in this action. (NY Mot., at 1-2, n.1). Plaintiff responds that "more precise information in contacting [these individuals] has been given to the marshal's office, and they should be served soon." (Pl's. Opp. at 1). Plaintiff's representations that service will be effectuated is not enough to survive dismissal at this juncture. See Fed. R. Civ. P. 4(m). Because this Court agrees that Plaintiff has failed to show valid service

3

of summons on the above named individuals, this Court will dismiss this action without prejudice as to same. (Id.).

## BACKGROUND

Plaintiff states that "[f]rom the 1970s to present all kinds of transgressions have carried against him and the police in Newark and New York ha[ve] refused to act." (Compl., at 9). Plaintiff's twenty-five page Complaint identifies twenty-five "Incidents," dating from 1977 to present, wherein he was allegedly harassed and stalked by unnamed individuals in the community. For example, in Incident 4C, Plaintiff explains that from January through June of 2007, he was "harassed by drivers using identical silver cars that were identical in color, make and model," who would "sharply cut in front" of him. (Compl., at 14). In Incident 20, Plaintiff alleges that he "called the Newark police about some con artists who were specifically targeting [him]" and that he "tried to explain for decades that [he] ha[s] been the target of a conspiracy, but [the police] were not interested in listening." (Compl., at 22).

Plaintiff alleges federal jurisdiction under 42 U.S.C. § 1985(3) (providing a cause of action for conspiracy to interfere with civil rights), and seeks relief under 42 U.S.C. § 1981(a)[2] (prohibiting racial discrimination in employment). (Compl., at 2, 7). However, this Court having liberally construed Pro Se Plaintiff's Complaint, as it is obliged to do, *see, e.g., Higgs v. Atty Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011), construes the Complaint as an attempt to seek relief under 42 U.S.C. § 1983 (providing a cause of action for deprivation of civil rights under color of state law) and 42 U.S.C. § 1986 (providing a cause of action for failure to prevent a 1985 violation).

---

[2] Claims for violation of § 1981 claims are only actionable under section 1983. *McGovern v. City of Philadelphia*, 554, F.3d 114, 116 (3d Cir. 2009).

4

Currently pending before this Court are Motions to Dismiss Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6). Specifically, Defendants argue that Plaintiff's claims are time-barred or otherwise fail to state a claim.

## **LEGAL STANDARD**

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Although a court is to liberally construe the Complaint of a Pro Se litigant in his favor, *Higgs v. Atty Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011), the litigant must nevertheless plead sufficient facts to support the causes of action he alleges. *Higgins v. Beyer*, 293 F.3d 683, 688-89 (3d Cir. 2002).

To survive dismissal of a 1983 claim, a plaintiff must allege "two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). In order to survive dismissal of a 1985 claim, a plaintiff must allege:

> (1) a conspiracy; (2) motivated by racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

5

*Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 2011) (citing *United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)). A claimant alleging a violation of section 1986 must first satisfy the elements of a conspiracy under section 1985, and must also show that a person with knowledge of the conspiracy and the "power to prevent or aid in preventing the commission of the same," has neglected or refused to do so. *Robison v. Canterbury Village.*, Inc., 848 F.2d 424, 431 n. 10 (3d Cir. 1988); 42 US.C. § 1986.

## ANALYSIS

### A. The Majority of Plaintiff's Claims are Time-Barred and Therefore Subject to Dismissal with Prejudice

Where a Complaint alleges claims that are barred by the applicable limitations period, such allegations are properly dismissed for failure to state a claim. *See, e.g., Hunterson v. Disabato, et.al*, 244 Fed. App'x 455, *1 (3d Cir. 2007) (unpublished) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). Here, where the allegations in Plaintiff's Complaint date back as early as 1977, a majority of the allegations are time-barred.

A cause of action accrues under the Civil Rights Act "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citations omitted). In New Jersey, the statute of limitations for 1983 and 1985 claims is two years. *Cito v. Bridgewater Tp. Police Dep't.*, 829 F.3d 23 (3d Cir. 1989); *see also N'Jai v. Floyd*, 386 F. App'x. 141, 144 (3d Cir. 2010) (unpublished). By contrast, New York applies a three year statute of limitations to 1983 and 1985 claims. *Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 (3d Cir. 2001). Actions filed under 1986 for neglect to prevent a violation of civil rights are subject to a one-year statute of limitations. 42 U.S.C. § 1986.

Here, Plaintiff's Complaint lists dates and time periods during which each Incident occurred. For example, Plaintiff alleges, in Incident 3D, that from 2002 through 2006, "auto shadowing was used against [him.]" (Compl., at 13). As such, this Court can easily determine the date on which Plaintiff's causes of action accrued for purposes of applying the limitations period. Plaintiff's Complaint was filed on April 22, 2015. Thus, per the relevant limitations periods, all allegations of 1986 violations pre-dating April 22, 2014 are time-barred. All allegations sounding in 1983 and 1985 violations occurring in New Jersey and predating April 22, 2013, and those occurring in New York prior to April 22, 2012, are similarly barred by the applicable limitations periods.

Accordingly, this Court finds that the following "Incidents" identified in Plaintiff's original Complaint (ECF No. 16-1) are time-barred and therefore dismissed with prejudice: 1, 2, 3A, 3B, 3C, 3D, 4A, 4C, 4D, 5, 6, 7, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19. This Court also finds that the following numbered Paragraphs in Plaintiff's Memorandum (ECF. 16) are similarly time-bared and therefore dismissed with prejudice: 2, 3, 4, and 6.

### B. The Remaining Claims are Dismissed for Failure to State a Claim

Defendants argue that to the extent Plaintiff's claims are not time-barred, they are nevertheless subject to dismissal for failure to state a claim. (NY Mot. at 4-6; Newark Mot. at 9-11). Specifically, Defendants note that Plaintiff has failed to plead the personal involvement by any of the named Defendants. (Id.). Plaintiff attempts to fix this deficiency by way of her Opposition, stating that Defendants had "key roles" in the alleged wrongs committed against her and failed to "investigate and prosecute" same. (Pl's. Opp. at iii).

This Court agrees that Plaintiff has failed to show how the named Defendants were personally involved in the factual allegations she asserts. Moreover, Plaintiff's attempt to cure

this deficiency by way of her Opposition is not compelling. As already stated herein (*see infra*, at 2, n. 1), Plaintiff cannot amend her Complaint by motion practice, and may only amend his Complaint with leave of this Court, which Plaintiff has not sought. Even if this Court were to consider Plaintiff' statement in his Opposition as an amendment to Plaintiff's Complaint, such a statement would be insufficient to cure the Complaint's deficiencies.

Indeed, it appears that Plaintiff's complaints are largely lodged against community members and her neighbors; not the Newark or New York Police Departments. (See Compl., Incident 4B (acts committed by "young children and disabled people" at the behest of "conspirators"); Incident 13 (acts committed by a private law firm)). To the extent Plaintiff has alleged that the New York and Newark Police Departments were involved in the events alleged, Plaintiff does not identify the specific Defendants alleged to be involved, nor does Plaintiff provide any identifying information as to the unnamed individuals. (See Compl., Incidents 4E, 8, 13, 20, 21; Memorandum, at ¶¶ 1, 5, 7).

Finally, to the extent Plaintiff's allegations do identify a particular Defendant, Plaintiff nevertheless fails to allege the remaining elements of the civil rights claims she asserts. (Compl., Incidents 22, 23, 24; Memorandum, ¶¶ 8, 9). Specifically, Plaintiff has not sufficiently plead that her civil rights have been violated, nor that Defendants are involved in a conspiracy to violate her civil rights, as required by the relevant statutes. *See* 42 U.S.C. §§ 1983, 1985, 1986. For example, in Incident 23, Plaintiff alleges that Defendants Demaio and Roman never responded to her letters. (Compl., Incident 23). Failure to respond to a letter does not amount to a violation of one's constitutional rights.

For the above reasons, this Court finds that Plaintiff has failed to state a plausible claim as against any of the named Defendants.

## **CONCLUSION**

For the reasons stated above, this Court hereby grants both the Newark and New York Defendants' Motions to Dismiss. All claims identified in Section A above are dismissed with prejudice, and all claims identified in Section B are dismissed without prejudice. An appropriate Order accompanies this Opinion.

DATED:     October __, 2015

                                                JOSE L. LINARES
                                                UNITED STATES DISTRICT JUDGE