NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EPHESIAN WATERS,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK CITY POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Civil Action No.: 15-2842 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

Presently before the Court are two Motions to Dismiss *Pro se* Plaintiff Ephesian Waters ("Waters" or "Plaintiff")'s Second Amended Complaint. (ECF Nos. 46, 50). These Motions were filed on behalf of Defendants the City of Newark, New Jersey, Newark Police Director Eugene Venable, Newark Chief of Police Anthony Campos, Former Newark Police Director Samuel A. Demaio, and Former Newark Deputy Police Chief Ivonne Roman (collectively, "the Newark Defendants") (ECF No. 47, "Newark Mov. Br.") and separately on behalf of Defendants New York City Police Department ("NYPD") Commissioner William J. Bratton, New York District Attorneys Cyrus R. Vance, Jr., Robert Johnson, and Richard A. Brown, former New York District Attorney Daniel M. Donovan, Jr. (sued herein as "Richard M. Donovan,") and NYPD Lieutenant Eugene Whyte (collectively "the New York Defendants") (ECF No. 50, "NY Mov. Br. at 1).

Plaintiff has filed one opposition to the instant Motions (ECF No. 55), and the Defendants filed letter replies (ECF Nos. 56, 57). Pursuant to Federal Rule of Civil Procedure 78, the Court decides this matter without oral argument. For the reasons stated herein, the Court grants the Defendants' motions to dismiss Plaintiff's Second Amended Complaint.

1

## **PROCEDURAL HISTORY**

This is the second time that this Court has had occasion to review Plaintiff's Complaint. Plaintiff first filed a Complaint on April 22, 2015. (ECF No. 1, "Compl."). On October 19, 2015, this Court issued an Opinion and Order granting motions to dismiss filed on behalf of the Newark and New York Defendants. (ECF No. 33, 34).[1] The undersigned dismissed a number of allegations with prejudice as time-barred, and dismissed additional allegations without prejudice for failure to state a claim. The Court permitted Plaintiff sixty (60) days to file a new Complaint that corrects the deficiencies identified in its Opinion. (ECF No. 34 at 2).

On December 18, 2015, the operative forty-six page Second Amended Complaint was filed. (ECF No. 45, "SAC").[2] On January 29, 2016 and February 11, 2016, the Newark Defendants and the New York Defendants, respectively, filed the instant Motions to Dismiss Plaintiff's Second Amended Complaint, arguing that Plaintiff's claims should be dismissed for the same reasons this Court previously dismissed his claims—that is, because the claims are either barred by the applicable statute of limitations or otherwise fail to state a claim for relief. Plaintiff submitted an opposition brief on February 22, 2016 (ECF No. 55), and the Newark and New York Defendants filed a one-page reply on February 26, 2016 and February 29, 2016, respectively (ECF No. 57).

---

[1] On July 10, 2015, the Newark Defendants filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 7), and on July 20, 2015, Plaintiff filed a document entitled "Memorandum of Law in Opposition to Defendant's Motion to Dismiss" (ECF No. 16, "Memorandum"). After reviewing the Memorandum, this Court determined that same is more properly construed as an amended complaint, and therefore administratively terminated the Newark Defendant's July 10, 2015 Motion to Dismiss and directed the Clerk of Court to file this Memorandum, along with the original Complaint, in one docket entry labeled "Amended Complaint." (ECF No. 18; ECF No. 16, Amended Complaint). It was this Amended Complaint that the Court previously dismissed.

[2] On January 8, 2016, Magistrate Judge Joseph Dickson granted Plaintiff's Motion to Amend (ECF No. 39), and Ordered that Plaintiff file the Second Amended Complaint containing an amended page 2 and additional pages 29 and 30 (ECF Nos. 39-3) within ten (10) days of the entry of that Order. (ECF No. 41). However, Plaintiff failed to comply with Judge Dickson's Order, and as such, Judge Dickson's Court compiled and filed the Second Amended Complaint on Plaintiff's behalf. (See ECF No. 54 at 1).

## BACKGROUND

Plaintiff's Second Amended Complaint repeats the allegations made in the earlier Amended Complaint and offers a few additional allegations. Plaintiff again alleges that over the past thirty-eight (38) years she has been harassed by neighbors and others in her community and that the New York and Newark Police Departments have failed to enforce the laws to prevent these actions. (SAC at 8-10). Moreover, Plaintiff alleges that Defendants have actively engaged in violating Plaintiff's civil rights. (Id.).

According to Waters, the New York Police Department "played a major role in inflicting many of these offenses against [her]" by, among other things engaging in "surveillance that is unjustifiable; negligence; monitoring of [her] mail; failure to investigate false reports against [her]; carrying out a scheme to deny [her] housing; phone tampering; and cast[ing] her in a false light." (Id. at 8-9). For example, Plaintiff alleges that in 1986 "[t]he New York City police and fire departments help[ed] destroy [Plaintiff's] night club performances." (Id., Incident 27). Specifically, "[a] former [unnamed] New York City Police Officer pretended to be a fan of [hers] by signing along and clapping his hands, but his loud off key singing and other distractions drowned [Plaintiff] out and destroyed [her] audition." (SAC, Incident 28). Plaintiff lodges similar allegations against the Newark Police Department. (Id. at 9-10). For example, Plaintiff alleges that during the month of August 2015 "[a]n experiment was conducted which showed that dogs being used by stalkers were acts of intentional intimidation and harassment," and that "[t]here were times when the Newark, NJ special police units witnesses some of these acts." (Id., Incident 42B).

Plaintiff traces the "conspiracy problem" back to 1974, when she was "hired by the Glen Cove Board of Education as the first black band director." (Id. at 10). After Waters was fired

3

from that job, she allegedly "filed a civil rights complaint with the New York human rights division." (Id.). Immediately thereafter, the conspiracy "began to manifest." (Id.).

Plaintiff alleges federal jurisdiction under 42 U.S.C. § 1985(3) (providing a cause of action for conspiracy to interfere with civil rights) and 42 U.S.C. § 1983 (providing a cause of action for deprivation of civil rights under color of state law) and seeks relief under 42 U.S.C. § 1981(a)[3] (prohibiting racial discrimination in employment). (Id. at 2). This Court, having liberally construed *Pro se* Plaintiff's Complaint, as it is obliged to do, *see, e.g., Higgs v. Atty Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011), also construes the Second Amended Complaint as an attempt to seek relief under 42 U.S.C. § 1986 (providing a cause of action for failure to prevent a 1985 violation).[4]

## LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Although a court is to liberally

---

[3] Claims for violation of § 1981 claims are only actionable under section 1983. *McGovern v. City of Philadelphia*, 554, F.3d 114, 116 (3d Cir. 2009).
[4] Plaintiff alleges additional constitutional rights violations under 18 U.S.C. § 2511 (interception and disclosure of wire, oral, or electronic communications prohibited), 42 U.S.C. § 3601 (denial of fair housing), and violations of Title VII of the Civil Rights Act of 1964 for discrimination based on religion. (SAC at 43). However, Plaintiff cannot state a claim under these statutes for the same reasons that Plaintiff's Section 1983, 1985 and 1986 claims are deficient. That is, Plaintiff has failed to allege any constitutional violations committed by any Defendants.

construe the Complaint of a Pro Se litigant in his favor, *Higgs v. Atty Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011), the litigant must nevertheless plead sufficient facts to support the causes of action he alleges. *Higgins v. Beyer*, 293 F.3d 683, 688-89 (3d Cir. 2002).

To survive dismissal of a 1983 claim, a plaintiff must allege "two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). In order to survive dismissal of a 1985 claim, a plaintiff must allege:

> (1) a conspiracy; (2) motivated by racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 2011) (citing *United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)). A claimant alleging a violation of section 1986 must first satisfy the elements of a conspiracy under section 1985, and must also show that a person with knowledge of the conspiracy and the "power to prevent or aid in preventing the commission of the same," has neglected or refused to do so. *Robison v. Canterbury Village.*, Inc., 848 F.2d 424, 431 n. 10 (3d Cir. 1988); 42 US.C. § 1986.

## ANALYSIS

### A. The Majority of Plaintiff's Claims are Properly Dismissed as Untimely

Where a pleading alleges claims that are barred by the applicable limitations period, such allegations are properly dismissed for failure to state a claim. *See, e.g., Hunterson v. Disabato, et.al*, 244 Fed. App'x 455, *1 (3d Cir. 2007) (unpublished) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). In this Court's earlier Opinion granting Defendants' prior motions to dismiss, the

5

undersigned explained that the majority of Plaintiff's allegations were barred by the applicable statute of limitations. (See ECF No. 33 at 6-7). Specifically, the Court noted that: New Jersey applies a two year statute of limitations to 1983 and 1985 claims, *see Cito v. Bridgewater Tp. Police Dep't.*, 829 F.3d 23 (3d Cir. 1989); that New York applies a three year statute of limitations to same, *see Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 (3d Cir. 2001); and that all actions filed under Section 1986 are subject to a one year statute of limitations, 42 U.S.C. § 1986. (Id.) (citations omitted). Accordingly, the Court dismissed as untimely the majority of the "Incidents" alleged in Plaintiff's Amended Complaint, which dated as far back as the 1970s. (Id.).

Notwithstanding this explanation, Plaintiff's Second Amended Complaint contains similar allegations dating as far back as the 1970s. For example, Plaintiff alleges, in Incident 2, that from 1977-1978 Plaintiff was stalked by "neighbors and people in the community." (SAC at 13). Plaintiff's original Complaint was filed on April 22, 2015. Thus, per the relevant limitations periods, all allegations of 1986 violations pre-dating April 22, 2014 are time-barred. All allegations sounding in 1983 and 1985 violations occurring in New Jersey and predating April 22, 2013, and those occurring in New York prior to April 22, 2012, are similarly barred by the applicable limitations periods. Accordingly, the following "Incidents" identified in Plaintiff's Second Amended Complaint (ECF No. 45) are properly dismissed as time-barred: 1-5, 6B-9B, 9D-9E, 11A-15A, 16A-16D, 18, 20-22B, 26-34, 36-38, 40-41, 43, 45-46.

### B. Plaintiff's Remaining Claims are Dismissed for Failure to State a Claim

Defendants argue that to the extent Plaintiff's claims are not time-barred, they are nevertheless subject to dismissal for failure to state a claim. (Newark Mov. Br. at 14-18; NY Mov. Br. at 5-7, 9-12). The Court agrees.

6

In its earlier Opinion dismissing Plaintiff's Complaint, this Court found that Plaintiff had failed to state a claim against any of the Defendants because she "failed to show how the named Defendants were personally involved in the factual allegations she asserts." (ECF No. 33 at 7-8). Indeed, the Court noted that Plaintiff's grievances lie primarily with "community members and her neighbors; not the Newark or New York Police Departments." (Id. at 7). The Court further stated that "[t]o the extent Plaintiff has alleged that the New York and Newark Police Departments were involved in the events alleged, Plaintiff does not identify the specific Defendants alleged to be involved, nor does Plaintiff provide any identifying information as to the unnamed individuals." (Id.). The same is true of Plaintiff's Second Amended Complaint. That is, Plaintiff has once again alleged that the New York and Newark Police Departments were involved in the events alleged; however, with few exceptions, Plaintiff fails to identify the specific Defendants alleged to be involved.

To the extent Plaintiff's allegations do identify a particular Defendant, Plaintiff nevertheless fails to allege the remaining elements of the civil rights claims she asserts. Specifically, Plaintiff has not sufficiently plead that her civil rights have been violated, nor that Defendants are involved in a conspiracy to violate her civil rights, as required by the relevant statutes. *See* 42 U.S.C. §§ 1983, 1985, 1986. For example, in Incidents 24A, 24B, and 25, Plaintiff alleges that Defendants Demaio, Roman, and Bratton, respectively, never responded to her letters. (SAC at 28-29). However, as this Court has already informed Plaintiff, mere "[f]ailure to respond to a letter does not amount to a violation of one's constitutional rights." (ECF No. 33 at 8).

Accordingly, this Court finds that Plaintiff has again failed to state a plausible claim for relief. Moreover, it is apparent that Plaintiff's Second Amended Complaint fails to correct any of the deficiencies identified by this Court in its earlier Opinion dismissing Plaintiff's Complaint.

7

The Court previously dismissed Plaintiff's Amended Complaint without prejudice. As Plaintiff was not able to amend her Complaint to state a claim for relief, and because Plaintiff's Second Amended Complaint suffers from the exact same deficiencies as the Amended Complaint, it would be futile to permit Plaintiff yet another opportunity to file a new pleading. *See Grayson v. Mayveiw State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("[T]he court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."). Thus, the Court grant's Defendants' request to dismiss the Second Amended Complaint *with prejudice*.

## CONCLUSION

For the reasons stated above, this Court hereby grants both the Newark and New York Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint *with prejudice*. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED:   March 9th, 2016

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE